UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK W. MASON, III,

        Petitioner,

v.                                          CASE NO. 2:19-cv-10445
                                           HONORABLE SEAN F. COX

WARDEN PAT WARREN,

        Respondent.
_____/

## **ORDER DIRECTING PETITIONER TO CLARIFY THE NUMBER AND NATURE OF HIS ARGUMENTS AND TO INFORM THE COURT HOW HE WANTS TO PROCEED**

On February 13, 2019, petitioner Derrick W. Mason, III, filed a *pro se* habeas corpus petition challenging his conviction for child abuse on several grounds. Because it is not clear from the petition whether Petitioner exhausted state remedies for all his claims, the Court is ordering him to provide the Court with more information and to explain how he wants to proceed.

### **I. Background**

On July 26, 2017, Petitioner pleaded guilty in Shiawassee County Circuit Court to first-degree child abuse, Mich. Comp. Laws § 750.136b(2), and on September 15, 2017, the trial court sentenced Petitioner to prison for fifteen to fifty years. *See* Pet., docket no. 1, PageID. 1, 22. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented to the court, and on October 30, 2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Mason*, No. 342948 (Mich. Ct. App. Apr. 23, 2018); *People v. Mason*, 503 Mich. 888; 919 N.W.2d 252 (2018).

On February 13, 2019, Petitioner filed his habeas corpus petition. In his form petition, he raises four claims about the scoring of the Michigan sentencing guidelines. *See* Pet., docket no. 1, PageID. 5-10. In a handwritten attachment, under the heading "Issue Preservation," Petitioner states that he is also raising the issue of his trial attorney's failure to (i) challenge statements made by the victim's family and (ii) acquire a statement from Petitioner's nephew. *Id.*, PageID. 19. On the following page, Petitioner "argues that [the] trial court should have offered a lesser charge." *Id.*, PageID. 20.

## II. Discussion

A preliminary question is whether Petitioner exhausted state remedies for all his claims. The exhaustion doctrine requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

When faced with a "mixed petition" of exhausted and unexhausted claims, a federal district court has four options. It may "(1) stay the entire petition; (2) dismiss the

entire petition without prejudice; (3) deny the entire petition on the merits; or (4) dismiss the unexhausted claims and proceed with the exhausted ones." *Swanson v. DeSantis*, 606 F.3d 829, 831 (6th Cir. 2010).

Petitioner alleges in his habeas petition that he raised his sentencing claims on appeal from his convictions. *See* Pet., docket no. 1, PageID. 5-10. It is not clear from the petition or from the state courts' orders whether Petitioner also exhausted state remedies for his arguments about trial counsel and the lack of an opportunity to plead guilty to a less serious offense. Accordingly, the Court orders Petitioner to clarify the number and nature of his claims and to inform the Court how he wants to proceed. In a written response to this order, Petitioner shall do the following:

(1) list all the claims that he wants the court to consider;

(2) as to each claim, indicate whether he raised the claim in the Michigan Court of Appeals and in the Michigan Supreme Court; and

(3) if any of the claims were not raised in both the Michigan Court of Appeals and the Michigan Supreme Court, inform the Court whether he wants the Court to (1) stay the petition while he pursues additional state remedies for his unexhausted claims, (2) dismiss the petition without prejudice; (3) deny the petition on the merits; or (4) dismiss the unexhausted claims and proceed with the exhausted ones.

Petitioner shall have thirty (30) days from the date of this order to file his written response. Failure to comply with this order could result in the dismissal of the petition without prejudice.

Dated: May 21, 2019                                     s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge