UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK W. MASON, III,

        Petitioner,                           CASE NO. 2:19-cv-10445

v.                                            HONORABLE SEAN F. COX

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Derrick W. Mason, III, filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The habeas petition challenges Petitioner's plea-based conviction for first-degree child abuse, Mich. Comp. Laws § 750.136b(2). Respondent Willis Chapman urges the Court through counsel to deny the petition. Having reviewed the pleadings and the state-court record, the Court concludes that Petitioner's claims lack merit or are not cognizable on habeas review and that the state appellate court's rejection of some of the claims on the merits was objectively reasonable. Therefore, Petitioner is not entitled to relief, and the Court will deny his habeas corpus petition.

**I. Background**

**A. The State Court Proceedings**

Petitioner was charged with first-degree child abuse, and on the date set for trial (July 26, 2017), the parties informed the trial court that Petitioner would be pleading guilty,

as charged. The only agreement was that the minimum sentence would not exceed the sentencing guidelines. However, the parties' calculations of the guidelines differed. The prosecutor calculated the guidelines at 108 to 180 months, and defense counsel scored the guidelines at 81 to 135 months. (ECF No. 10-2 at PageID.86-88.)

The trial court accepted the sentencing agreement, but stated that, if the guidelines, as finally calculated by the Michigan Department of Corrections, were not acceptable to the court, it might reject the proposed sentence and Petitioner would then be entitled to withdraw his plea. (*Id*. at Page 87-89.) Petitioner assured the trial court that he understood the plea agreement. He also acknowledged the disagreement about the sentencing guidelines and the possibility that the trial court would not abide by the guidelines, as subsequently determined by the Michigan Department of Corrections. (*Id*. at PageID.88-89.)

Petitioner then pleaded guilty, as charged, to one count of first-degree child abuse. (*Id*. at PageID.93.) The factual basis for the plea was that, on the day in question, Petitioner heated water in a microwave oven, poured the hot water in a bathtub, and then placed a twenty-two-month-old child in the hot water. Petitioner admitted that he knew the water was too hot for the child and that he intended to burn the child. (*Id*. at PageID.93-94.)

The Michigan Department of Corrections subsequently calculated the sentencing guidelines at 108 to 180 months (nine to fifteen years). (ECF No. 10-4, PageID.128-129, 137.) On September 15, 2017, the trial court sentenced Petitioner within those guidelines to a minimum sentence of fifteen years and a maximum sentence of fifty years, with credit for 197 days spent in jail. (*Id*. at PageID.137.)

2

Petitioner applied for leave to appeal in the Michigan Court of Appeals, claiming that the trial court erred when scoring offense variables l, 3, 4, and 12 of the Michigan sentencing guidelines.  He also claimed that defense counsel was ineffective for failing to object to the court's scoring of offense variable (0V) 7 and that he was deprived of his constitutional right to have scoring factors adjudicated by a jury and proven beyond a reasonable doubt.  (ECF No. 10-5, PageID.152, 160-161, 164.)  In a motion to remand, he argued that OV 7 was scored incorrectly.  (*Id.* at PageID.169-170.)  The Michigan Court of Appeals denied the motion to remand and denied leave to appeal for lack of merit in the grounds presented to the court.  See *People v. Mason*, No. 342948 (Mich. Ct. App. Apr. 23, 2018); ECF No. 10-5, PageID.177.

In a *pro se* application for leave to appeal in the Michigan Supreme Court, Petitioner objected to the scoring of OV 1, OV 3, OV 4, OV 7, and OV 12.  (ECF No. 10-5, PageID.141-145.)  In the section for new issues, he asserted vague claims about his former attorney and the trial court's scoring decision.  (*Id.* at 146-147.)  On October 30, 2018, the state supreme court denied leave to appeal because it was not persuaded to review the issues.  See *People v. Mason*, 503 Mich. 888; 919 N.W.2d 252 (2018).

### B.  The Habeas Proceedings

On February 13, 2019, Petitioner filed his habeas corpus petition.  His enumerated grounds for relief challenged the trial court's scoring of offense variables 1 through 4 and 10 of the Michigan sentencing guidelines.  (ECF No. 1, PageID.5, 7-8, 10, 17-18.)

Elsewhere in the petition, Petitioner appeared to allege that:  his sentence violated the Sixth Amendment to the United States Constitution because facts were used to increase the mandatory minimum punishment (*id*. at PageID.18); his trial attorney was

3

ineffective because she failed to challenge statements made by the victim's family and failed to get a statement from Petitioner's nephew (*id*. at PageID.19); he should have been offered a lesser charge (*id.* at PageID.20); and the sentence he received was not part of the plea agreement (*id*. at PageID.22-23). Petitioner asked the Court to re-score his sentencing guidelines and to reverse his sentence or to remand his case to the trial court for re-sentencing. (*Id*. at PageID.18.)

On May 21, 2019, the Court ordered Petitioner to clarify his arguments and to inform the Court how he wanted to proceed, because it appeared to the Court that Petitioner had not raised all his claims in the state courts, as required by 28 U.S.C. §§ 2254(b)(1) and 2254(c). (ECF No. 3.) Petitioner responded to the Court's order by asking the Court to consider his claims about "the guidelines, OV's, [and] lesser charge." (ECF No. 4, PageID.33). He asserted that he had raised his claims in the Michigan Court of Appeals and in the Supreme Court, and he said that he wanted the Court to proceed with his case. (*Id.*)

The Court then ordered Respondent to file a response to the habeas petition (ECF No. 6), and on April 17, 2020, Respondent filed his answer to the habeas petition (ECF No. 9). He argues that some of Petitioner's claims are unexhausted, but that all the claims are meritless and that the claims about the sentencing guidelines also are not cognizable on habeas review. He concludes that the Michigan Court of Appeals reasonably rejected Petitioner's claims. (ECF No. 9, PageID.44, 48.)

The Court must construe the *pro se* habeas petition liberally, *McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020), and because Petitioner's claims lack merit or are not cognizable on habeas review, the Court will address all of Petitioner's claims, whether or

not they were raised in both of the State's appellate courts.  The exhaustion rule is not a jurisdictional requirement, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), and a federal district court may deny a habeas petition on the merits, despite the petitioner's failure to exhaust the remedies available in state court.  28 U.S.C. § 2254(b)(2).

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' "  *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).  The Supreme Court has explained that

> a state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) (alterations added)).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.,* at 413, 120 S.Ct. 1495.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.  *Id.,* at 410, 412, 120 S.Ct. 1495.  The state court's application of clearly established law must be objectively unreasonable.  *Id.,* at 409, 120 S.Ct. 1495.

*Id.* at 75.

5

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "[o]nly an 'objectively unreasonable' mistake, . . . , one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.) (quoting *Richter*, 562 U.S. at 103), *cert. denied*, 140 S. Ct. 445 (2019).

### III.  Analysis

#### A.  Scoring of the Guidelines

Petitioner claims that the trial court incorrectly scored several offense variables of the Michigan sentencing guidelines. This is not a cognizable claim in a habeas corpus action because a state court's application and interpretation of state sentencing guidelines is "a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Petitioner has not alleged that the trial court violated his constitutional right to due process when sentencing him, and to the extent he raises a Sixth Amendment challenge

6

to the scoring of the guidelines, *see* "Case Summary" (ECF No. 1, PageID.18), his claim lacks merit for the following reason.  Petitioner relies on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), where the Supreme Court stated:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id*. at 103 (internal citation omitted).

After the Supreme Court issued its decision in *Alleyne*, the Michigan Supreme Court concluded in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015), "that Michigan's sentencing guidelines violate the Sixth Amendment rule from *Apprendi*, [*v. New Jersey*, 530 U.S. 466 (2000)] as extended by *Alleyne*."  *Lockridge*, 498 Mich. at 389; 870 N.W.2d at 519.  To remedy the constitutional flaw in the guidelines, the Michigan Supreme Court rendered Michigan's sentencing guidelines advisory only and no longer mandatory.   *Id*., 498 Mich. at 391; 870 N.W.2d at 520.   Thus, under *Lockridge,* the Michigan sentencing guidelines are "no longer binding on the sentencing judge."  *Reign v. Gidley*, 929 F.3d 777, 779 (6th Cir. 2019).

Petitioner was sentenced in 2017 after the Michigan sentencing guidelines became advisory and not mandatory or binding on judges.  The use of advisory guidelines that recommend, rather than require, the selection of particular sentences in response to differing sets of facts do not implicate the Sixth Amendment.  *United States v. Booker*, 543 U.S. 220, 233 (2005).  "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."  *Id*.  Simply put, "judicial

7

factfinding under an advisory Guidelines regime does not violate the Sixth Amendment." *United States v. Wittingen*, 519 F.3d 633, 638 (6th Cir. 2008).

To summarize, Petitioner's challenge to the state trial court's scoring of the sentencing guidelines is not a cognizable claim on habeas review. In addition, he has not alleged that the state court violated his constitutional right to due process, and his implicit Sixth Amendment claim lacks merit. As such, Petitioner is not entitled to habeas corpus relief on his claim about the scoring of the sentencing guidelines.

### B.  Trial Counsel

### 1.  Failure to Object

In state court, Petitioner raised a related sentencing claim by alleging that his trial attorney was ineffective for failing to object to the trial court's scoring of OV 7. (ECF No. 10-5, PageID.144, 152.) To the extent Petitioner is raising the same claim here, he must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unless he makes both showings, it cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors,

8

the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Richter*, 562 U.S. at 105 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*.

To properly evaluate Petitioner's ineffective-assistance-of-counsel claim, the Court looks to Petitioner's underlying claim about OV 7, which "is aggravated physical abuse." Mich. Comp. Laws § 777.37(1).  Petitioner received fifty points for OV 7.  Fifty points is an appropriate score when "[a] victim was treated with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense."  Mich. Comp. Laws § 777.37(1)(a).  The statute defines "sadism" as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification."  Mich. Comp. Laws § 777.37(3).

On direct appeal, Petitioner alleged that there was no evidence that the victim suffered prolonged pain or humiliation or that he increased the victim's fear and anxiety and that the abuse did not rise to the level of sadism or torture.  (ECF 10-5, PageID.163.) The victim's grandmother, however, stated at Petitioner's sentencing that Petitioner's abuse of her granddaughter left the child

> with second degree, untreated burns for approximately two weeks.  Not only did she suffer immerging burns, which left her buttocks raw to the point where she could not wear a diaper, she was burned to cover up bruising left after being beat with a belt.

9

(ECF No. 10-4, PageID.126.)

It is clear from the grandmother's comments that the victim was a young and defenseless child who suffered prolonged pain as a result of Petitioner's actions. Petitioner, moreover, admitted at the plea proceeding that he was supervising the child at the time, that he knew the water was too hot for the child, and that he intended to burn the child. (ECF No. 10-2, PageID.93-94.)

Petitioner's trial attorney could have concluded from the evidence that Petitioner's conduct toward the child constituted aggravated physical abuse because he engaged in excessive brutality and caused prolonged pain. Moreover, the attorney raised several other challenges to the scoring of the sentencing guidelines. (ECF No. 10-4, PageID.113-124.) Her failure to object to the scoring of OV 7 satisfied *Strickland's* deferential standard and did not amount to deficient performance. Further, the state appellate court's rejection of Petitioner's claim for lack of merit was not contrary to, or an unreasonable application of, *Strickland*. Petitioner, therefore, has no right to relief on his claim about trial counsel's failure to object to the scoring of OV 7.

### 2. Failure to Raise Issues

Petitioner alleges that his trial attorney also was ineffective because she failed to (a) challenge statements made by the victim's family and (b) acquire a statement from his nephew who was living in the home at the time. (ECF No. 1, PageID.19.) The Court understands this allegation to be a challenge to trial counsel's advice to plead guilty, as opposed to, challenging the sufficiency of the evidence and the charge against Petitioner.

When a defendant pleads guilty on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence

10

demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*.

Petitioner has not alleged what his nephew would have said or how a statement from his nephew would have helped his defense. Nor has Petitioner asserted any basis for challenging what the victim's family said about him or the circumstances of the crime. He admitted at the plea proceeding that there was no excuse for what he did (ECF No. 10-2, PageID.95), and he apparently informed a detective that the reason he attempted to scald the child with hot water was to cover up bruises that he caused by spanking the child with a belt. (ECF No. 10-4, PageID.113, 122.)

Furthermore, the medical evidence that was provided to Petitioner and that the prosecutor wanted to present at trial would have been damaging to the defense. According to the prosecutor's summary of the evidence, the "child would have died without medical intervention within the next twenty-four (24) hours. The child [had] a perforated bowel, she was septic, [and] she had a lacerated liver." (*Id*. at PageID.114.) Trial counsel likely concluded from the evidence that it was in Petitioner's best interest to negotiate a sentencing agreement and encourage Petitioner to plead guilty.

Petitioner has not alleged that, but for his attorney's advice, he would have insisted on going to trial and would not have pleaded guilty. In fact, he stated in an affidavit signed on January 10, 2018, that, after discussing the plea agreement with his family and friends,

they all agreed that the plea offer was the best deal and that he should accept it. (ECF No. 1, PageID.22.) If he had gone to trial and been convicted as charged, he could have been sentenced to life imprisonment or any term of years. Mich. Comp. Laws § 750.136b(2). By pleading guilty and agreeing to a sentence within the sentencing guidelines, he avoided that possibility. He has failed to show that his attorney's advice to plead guilty, rather than challenge the child-abuse charge, amounted to constitutionally ineffective assistance. His claim lacks merit and does not entitle him to relief.

### C. The Sentence and the Plea Agreement

Petitioner alleges that his sentence of fifteen years was not part of the plea agreement. (ECF No. 1, PageID.23.) But the plea agreement did not call for a specific term of years. Rather, it called for a sentence within the sentencing guidelines.

"Michigan's sentencing guidelines . . . create a range within which the trial court must set the minimum sentence." *People v. Drohan*, 475 Mich. 140, 161; 715 N.W.2d 778, 790 (2006), *abrogated in part on other grounds by People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015). The final guidelines, as calculated by the Michigan Department of Corrections in Petitioner's case, were nine to fifteen years. So, the trial court could have sentenced Petitioner to a minimum sentence of anywhere from nine years to fifteen years.

The trial court chose to sentence Petitioner at the very top of the sentencing guidelines, with a minimum sentence of fifteen years. Because the minimum sentence fell within the final sentencing guidelines of nine to fifteen years, Petitioner got what he bargained for. The plea agreement was not violated, and his claim lacks merit.

12

### D. The Charging Decision

In a final claim, Petitioner "argues that [the] trial court should have offered a lesser charge." (ECF No. 1, PageID.20.) He apparently believes that he should have been charged with the lesser offense of second-degree child abuse. *See id*. (explaining the elements of second-degree child abuse).

In Michigan, however, "[a] circuit judge does not enjoy supervisory power over a prosecuting attorney" and "may not properly substitute his judgment for that of the . . . prosecuting attorney as if he were . . . acting in a supervisory capacity with respect to the prosecuting attorney." *Genesee Cty. Prosecutor v. Genesee Circuit Judge*, 391 Mich. 115, 121; 215 N.W.2d 145, 147 (1974); *see also People v. Williams*, 186 Mich. App. 606, 609; 465 N.W.2d 376, 378 (1990) (explaining that a prosecutor is the chief law enforcement officer in a county and that a circuit judge may not usurp the authority vested in the prosecutor in determining which charges to bring against a defendant). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Here, there was probable cause to charge Petitioner with first-degree child abuse, and the trial court had no authority to reduce the charge. Petitioner's claim, therefore, lacks merit.

### IV. Conclusion

Petitioner's claims lack merit or are not cognizable on habeas review, and some of the claims were reasonably decided on the merits by the Michigan Court of Appeals. The

state appellate courts' rejections of Petitioner's claims were not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. Accordingly, the petition for a writ of habeas corpus is denied.

The Court declines to issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Additionally, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the issues are adequate to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court also denies leave to proceed *in forma pauperis* on appeal from this decision, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Petitioner may apply to the Court of Appeals for a certificate of appealability and permission to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: January 5, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge